UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jane Marie Skaff, f/k/a Jane Marie Weeks,

        Plaintiff,                               **MEMORANDUM OPINION
                                                          AND ORDER**
v.                                                     Civil No. 12-312 ADM/SER

Fairview Health Services;
Fairview Pharmacy Services, LLC;
Amanda Joy Fadden; and Jami Marie Schell,

        Defendants.

_____

Brian E. Cote, Esq., Cote Law Firm, Ltd., Minneapolis, MN, on behalf of Plaintiff.

Randi J. Winter, Esq., and Paul J. Zech, Esq., Felhaber Larson Fenlon & Vogt, PA, Minneapolis, MN, on behalf of Defendants.
_____

## I. INTRODUCTION

On April 24, 2012, the undersigned United States District Judge heard oral argument on Defendants Fairview Health Services, Fairview Pharmacy Services, LLC (collectively Fairview Health Services and Fairview Pharmacy Services, LLC are "Fairview"), Amanda Joy Fadden ("Fadden"), and Jami Marie Schell's ("Schell") Motion to Dismiss [Docket No. 5]. Plaintiff Jane Marie Skaff ("Skaff") opposes the motion. For the reasons set forth below, the motion is granted in part and denied in part.

## II. BACKGROUND[1]

Plaintiff Skaff was employed by Defendant Fairview as a pharmacist beginning in 1991. Notice of Removal, Ex. A, Compl. [Docket No. I] ("Compl.") ¶¶ 6–7. In March 2006, Skaff was

---

[1] In considering Defendants' Motion to Dismiss, the Court considers the facts alleged in Plaintiff's Complaint to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

assigned to work at Fairview's mail-order pharmacy in St. Paul, Minnesota. Compl. ¶ 9. On August 14, 2009, Fairview issued a corrective action notice to Skaff for absences she had taken due to the sickness or injury of her children. Compl. ¶ 10. On October 26, 2009, Fairview issued another corrective action notice to Skaff, again for absences due to sickness or injury of Skaff's children. Compl. ¶ 12. On February 10, 2010, Fairview issued Skaff a third corrective action notice, this time for failing to set a motion-detection alarm when closing the pharmacy. Compl. ¶ 13.

Under Fairview's progressive discipline policy, an employee with three corrective action notices is placed on a performance improvement plan. See Compl. ¶ 17. On March 16, 2010, Skaff, having accumulated three corrective actions, was placed on a performance improvement plan. Id. On September 1, 2010, Fairview discharged Skaff after two accusations of medication errors. Compl. ¶ 18.

On January 6, 2012, Skaff commenced this action in Minnesota state court, alleging that the first two corrective action notices violated Minnesota's Sick or Injured Child Care Leave Act ("SICCLA") and her former supervisors, Defendants Schell and Fadden, tortiously interfered with her employment contract with Fairview. On February 6, 2012, the case was removed to federal court, and the present motion followed.

### III.  DISCUSSION

A.    **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion to dismiss, the pleadings are construed in the light most

favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

Under Rule 8(a), pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B. SICCLA Claims**

Minnesota law allows an employee to use personal sick leave benefits for absences due to an illness of or injury to the employee's child on the same terms the employee is able to use sick leave benefits for the employee's own illness or injury. Minn. Stat. § 181.9413(a). Stated

3

another way, the statute "permit[s] employees to use their employer-provided sick benefits to care for a sick child." Schmittou v. Wal-Mart Stores, Inc., No. Civ.011763, 2003 WL 22075763, at *7 (D. Minn. Aug. 22, 2003). The statute does not excuse absences under an employer's attendance policy that are otherwise unapproved. Id.

Skaff fails to state a claim under Minn. Stat. § 181.9413(a) because she seeks to have her absences approved rather than credited as personal sick leave. It is undisputed that Skaff's October 2009 corrective action notice related not to sick leave benefits, but rather was issued because absences were not approved. Aff. of Lynne Boiarsky [Docket No. 11] Ex. A.[2] Skaff's SICCLA claims, however articulated, seek relief from her termination, to which the corrective action notices contributed. The corrective action notices, however, cannot form the basis of a SICCLA claim because they related to approval of leave, not the use of sick leave benefits. No amount of creative pleading can alter that result, and leave to amend with respect to Skaff's SICCLA claims is denied. Therefore, Skaff's claims under Minn. Stat. § 181.9413(a) are dismissed.

**C. Tortious Interference with Contract**

Under Minnesota law, a party to an at-will employment contract may bring a claim for tortious interference against an interfering third party. Nordling v. N. States Power Co., 478 N.W.2d 498, 505 (Minn. 1991) ("The at-will employment subsists at the will of the employer and employee, not at the will of a third party meddler who wrongfully interferes with the

---

[2] Exhibit A to the Affidavit of Lynne Boiarsky is the October 2009 Notice of Corrective Action, and may be considered by the Court without converting the motion to one for summary judgment because it is necessarily embraced by the pleadings. See Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012).

contractual relations of others.") (citations omitted).  The elements of a tortious interference claim under Minnesota law are: "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages."  Kjesbo v. Ricks, 517 N.W.2d 585, 588 (Minn. 1994) (quoting Furley Sales & Assocs., Inc. v. N. Am. Auto. Warehouse, Inc., 325 N.W.2d 20, 25 (Minn. 1982)).

However, it is axiomatic that a party cannot interfere with its own contract.  Nordling, 478 N.W.2d at 505.  Therefore, "a corporate officer or agent may be liable for tortious contract interference [only] if he or she acts outside the scope of his or her duties."  Id. at 506 (citation omitted).  A company's officer, agent, or employee is privileged to interfere with another employee's employment contract if the person acts in good faith believing his or her actions are in furtherance of the company's business.  Id. at 507.  "This privilege may be lost, however, if the defendant's actions are predominantly motivated by malice and bad faith, that is, by personal ill-will, spite, hostility, or a deliberate intent to harm the plaintiff employee."  Id. (citation omitted).

Fadden and Schell argue Skaff's tortious interference claim must be dismissed because it is inadequately pled.  Fadden and Schell argue the allegations that they were supervisors and that Skaff's medication errors were only "alleged" do not satisfy the third and fourth elements of a tortious interference claim under Minnesota law.  Skaff counters that from those allegations it would be reasonable to infer Fadden and Schell knew the accusations of medication errors were false, but used the medication error allegations as pretext for termination.  In the alternative, Skaff asks for leave to amend her Complaint.  Fadden and Schell object to leave to amend because Skaff has not submitted a proposed Amended Complaint in violation of this District's

Local Rule 15.1.

If there is truth to Skaff's assertions that Fadden or Schell premised Skaff's termination on accusations of medication errors either knew to be false, Skaff may have a viable tortious interference claim. One could plausibly infer that Fadden or Schell, as supervisors, would have knowledge of Skaff's at-will employment contract. Furthermore, if either Fadden or Schell knew the medication error accusations to be false but induced Skaff's termination anyway, such action could be intentional procurement of breach of the Skaff's employment contract without justification.

However, Skaff's present Complaint does not allege sufficient factual content to support a reasonable inference that Fadden or Schell are liable. For example, Skaff alleges that she was terminated for "alleged medication errors." Compl. ¶ 18. She further alleges that both Schell and Fadden "procured Skaff's termination for false reasons." Compl. ¶ 36. However, whether or not the accusations of medication errors were true or false does not determine Fadden or Schell's liability. Rather, it is their motive that is material. Even if the accusations were false, if Fadden or Schell acted in good faith, they are not liable. No factual content regarding their knowledge of the falsity of the accusations has been offered. In fact, no factual content regarding the falsity of the accusations themselves has been expressly pled.

Normally, without a proposed Amended Complaint curing the factual deficiencies, the Court would dismiss the claims. At this early procedural stage, in light of the factual averments made by Skaff, it would be unjust to impose the harsh sanction of dismissal on Skaff, particularly where failure to comply with the Local Rules may have been an oversight by her counsel. Such leniency will not be granted in the future—compliance with the Local Rules is a

matter of respect for the Court and this District.

Schell and Fadden may renew their motion to dismiss after an Amended Complaint, if any, is filed. If no Amended Complaint is filed by June 1, 2012, the action will be dismissed. At this stage, the Court is doubtful that Skaff can allege in good-faith that the accusations of medication errors were false or that Schell or Fadden knew the accusations to be false. See Aff. of Lynne Boiarsky Ex. B (explaining medication errors and patient complaints of errors). Without a proposed Amended Complaint duly filed and signed, the factual averments discussed above have not been subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure, namely that all factual contentions have evidentiary support. See Fed. R. Civ. P. 11(b)(3). Skaff and her counsel are advised to heed Rule 11, and Minnesota's Rules of Professional Conduct, in determining whether to file an Amended Complaint.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 5] is **GRANTED IN PART** and **DENIED IN PART**;

2. All claims under Minn. Stat. § 181.9413(a) are **DISMISSED WITH PREJUDICE**; and

3. Skaff's motion for leave to amend is **GRANTED**, Skaff shall file an Amended Complaint on or before June 1, 2012.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 27, 2012.